a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ARTHUR RAY ROBINSON,          CIVIL ACTION NO. 5:18-CV-743-P
Petitioner

VERSUS                        JUDGE S. MAURICE HICKS, JR.

WARDEN,                       MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Arthur Ray Robinson ("Robinson") (#425896). Robinson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Robinson challenges his conviction in the 1st Judicial District Court, Caddo Parish.

Because Robinson's petition is second and successive, and Robinson has not obtained authorization to file a second or successive petition from the United States Court of Appeals for the Fifth Circuit, the petition should be dismissed for lack of jurisdiction.

## I.    Background

Robinson was convicted of two counts of second degree kidnapping. He was sentenced to 15 years imprisonment on Count 1. With respect to Count 2, Robinson was adjudicated a fourth felony offender and received an enhanced sentence of life imprisonment. State v. Robinson, 780 So. 2d 1213 (La. App. 2d Cir. 2001), writ denied, 812 So.2d 642 (La. 2002). The state appellate court reversed the conviction

and sentence on Count 1 for insufficient evidence, but affirmed the conviction and sentence on Count 2.  Id.

Robinson filed a § 2254 petition in this Court raising claims of insufficient record, insufficient evidence, improper multiple offender adjudication, excessive sentence, prosecutorial misconduct, and ineffective assistance of counsel.  (5:04-cv-1603, Doc. 12).   The petition was denied on the merits, and certificate of appealability was denied.  (5:04-cv-1603, Docs. 14, 23).

Robinson filed subsequent post-conviction motions in the trial court, all of which were denied.  (5:16-cv-678, Doc. 6, p. 2).   Robinson then filed another § 2254 petition in this Court.  The petition was dismissed as time-barred.  (5:16-cv-678, Doc. 8).

In his § 2254 petition now before the Court, Robinson claims he was denied a fair jury trial due to prosecutorial misconduct, hearsay testimony, and the ineffective assistance of counsel.  (Doc. 5, pp. 5-9).

II.   **Law and Analysis**

Robinson has previously filed § 2254 petitions in this Court, which were adjudicated on the merits.  Robinson raises a claim that could have been raised in an earlier petition.  Thus, Robinson's petition is second or successive.  See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).  Robinson is required to obtain authorization from the Fifth Circuit to file this second or successive petition.  See 28 U.S.C. § 2244(b)(3) (before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

2

authorizing the district court to consider the application).  According to the record and the Fifth Circuit, Robinson has not obtained authorization.

Until such time as Robinson obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his petition.  See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

## III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___2nd___ day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4